999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny JOHNSON, Plaintiff-Appellant,
v.
STATE TECHNICAL INSTITUTE AT MEMPHIS, Defendant-Appellee.
 No. 93-5107.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 1
 Before KENNEDY and MARTIN, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Johnny Johnson, who is proceeding pro se, appeals a district court judgment dismissing his complaint filed under Title VII of the 1964 Civil Rights Act. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On April 23, 1990, the State Technical Institute at Memphis (STIM) announced a position opening for Instructor, Mid-Management Technology. Thirty-two applications were received by STIM, including plaintiff's. A four member selection committee reviewed the applications and six individuals were selected to come in for an interview. Affidavits from the individuals on the selection committee indicate that experience and education were the only factors considered in the initial selection process. Johnson, a black male, was not selected as a candidate for an interview.
 
 
 4
 He then filed his complaint alleging that STIM discriminated against him by denying him the position because of his race, and that STIM's hiring policy for this position had an effect of discriminating against black applicants. STIM responded by indicating that all six applicants who were chosen for an interview, two of whom were black, met the minimum job qualifications listed above and that the plaintiff did not.
 
 
 5
 The district court dismissed the plaintiff's lawsuit and granted summary judgment in favor of defendant, finding that plaintiff had not even established a prima facie case of discrimination by the defendant. In his timely appeal, Johnson continues to argue the merit of his claim.
 
 
 6
 Upon review, we affirm the district court's judgment because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Johnson has not established a prima facie case of discrimination. A complainant in a Title VII case must carry the initial burden of establishing a prima facie case of racial discrimination. This may be done by showing: (1) that he belongs to a racial minority; (2) that he applied and was qualified for a job for which the employers were seeking applicants; (3) that, despite his qualifications, he was rejected; and (4) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Johnson did not establish a prima facie case of discrimination because he did not even meet the minimum job qualifications listed in the vacancy announcement, i.e., a master's degree in business, math or engineering and three years experience in the Quality/Productivity Management field. He has failed to make out a prima facie case of disparate treatment discrimination. Id.
 
 
 7
 Johnson also failed to make out a prima facie case of discrimination under a disparate impact theory of liability. In order to prevail on a disparate impact discrimination claim, the plaintiff must first identify the specific employment practice that is challenged, and then show an adverse effect caused by the employment practice by offering statistical evidence of a kind or degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotion because of their membership in a protected group. Scales v. J.C. Bradford and Co., 925 F.2d 901, 908 (6th Cir.1991). Other than his mere allegations, Johnson has offered no statistical or other evidence to substantiate his claim. Thus, his disparate impact theory of liability fails.
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation